IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYLAND DEE KIRKLAND, ) | No. C 07-1412 MMC (PR) |
| Plaintiff, ) | **ORDER OF TRANSFER** |
| v. ) | |
| JAMES E. SHERIFF, et al., ) | **(Docket Nos. 2, 3 & 4)** |
| Defendants. ) | |

On March 12, 2007, plaintiff, a California prisoner incarcerated at the Deuel Vocational Institute in Tracy, California and proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 in the above-titled civil rights case. Plaintiff alleges two state court officials in Tracy, California, violated his constitutional rights in the course of proceedings regarding the custody of plaintiff's child. Plaintiff also names as defendants a lawyer located in Tracy, California, a lawyer located in Placerville, California, a lawyer located in Los Angeles, California, and two California Commission on Judicial Performance officials located in San Francisco, California, all of whom plaintiff alleges "conspired" with the state court officials in violating plaintiff's constitutional rights.

Venue may be raised by the court sua sponte where the defendant has not filed a responsive pleading and the time for doing so has not run. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the

1  same state; (2) the district in which a substantial part of the events or omissions giving rise to
2  the claim occurred, or a substantial part of the property that is the subject of the action is
3  situated; or (3) a judicial district in which any defendant may be found, if there is no district
4  in which the action may otherwise be brought.  See 28 U.S.C. § 1391(b).  Where an
5  alternative forum with greater relation to the defendant or the action exists than the forum in
6  which the action was filed, the action may be transferred to such alternative forum "[f]or the
7  convenience of parties and witnesses, in the interest of justice."  See 28 U.S.C. § 1404(a).

8        It is clear from the instant complaint and the attachments thereto that plaintiff's claims
9  arise largely out of actions alleged to have taken place in Tracy, California.  Tracy, California
10 is located in San Joaquin County, which lies within the venue of the Eastern District of
11 California.  See 28 U.S.C. §§ 84(b).  In addition, the majority of the defendants are located
12 either in Tracy or Placerville, California.  Placerville, California is located in El Dorado
13 County, which likewise is located within the venue of the Eastern District.  See id.  Finally,
14 plaintiff himself is located in the Eastern District.[1]

15       Accordingly, for the convenience of the parties, and in the interest of justice, the
16 above-titled action is hereby TRANSFERRED to the United States District Court for the
17 Eastern District of California pursuant to 28 U.S.C. § 1406(a).  In light of the transfer, this
18 Court will defer to the Eastern District with respect to plaintiff's application to proceed in
19 forma pauperis, as well as his motions for appointment of counsel and for a temporary
20 restraining order or preliminary injunction.

21       The Clerk shall close the file and terminate Docket Nos. 2, 3 and 4 on this Court's
22 docket.

23       IT IS SO ORDERED.

24 DATED: June 8, 2007      _____
      MAXINE M. CHESNEY
25       United States District Judge

---

[1] At the time he filed the complaint, plaintiff was located in Tracy, California, and has since notified the Court that he has moved to Grizzly Flat, California, which is located in El Dorado County.  See 28 U.S.C. § 84(b).

2